**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **CHARLES MITCHELL,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **No. 3:10-CV-01803-G (BF)** |
| **v.** | § | |
| | § | |
| **OFFICER CHRISTOPHER LEE** | § | |
| **HOUSTON, et al.,** | § | |
| | § | |
| **Defendants.** | § | |

## <u>FINDINGS, CONCLUSIONS, AND RECOMMENDATION</u>

This case was referred to the United States Magistrate Judge for pretrial management. On September 23, 2011, this Court entered an Order notifying Plaintiff that he was responsible for serving a summons on Defendants in accordance with the rules for service in the Federal Rules of Civil Procedure, that proper service should have been made within 120 days after the filing of the complaint, and that the action is subject to dismissal without prejudice for failure to obtain service within 120 days. *See* FED. R. CIV. P. 4(m). The 120-day period for obtaining service expired on January 8, 2011. In addition, this Court ordered Plaintiff to show good cause as to why he did not comply with Rule 4(m), and why he waited ten months to discover the names of the other defendant officers, by October 14, 2011. Plaintiff failed to comply. The Court told Plaintiff that this Court would recommend dismissal of the three unnamed defendant officers if he failed to comply with the September 23, 2011 Order.

Defendant Officer Christopher Lee Houston was terminated as a defendant on October 19, 2011, due to an Order granting his motion for summary judgment (doc. 42.) The case has not been dismissed yet, however, because there are still three unnamed defendant police officers. Those officers have neither been issued a summons and complaint nor their identity been disclosed.

The Federal Rules of Civil Procedure direct the court to dismiss any action in which service of process is not made within 120 days from the date of the filing of the complaint, unless good cause is shown.  FED. R. CIV. P. 4(m).  *See also Peters v. United States*, 9 F.3d 344, 345 (5th Cir. 1993) (failure of plaintiff to serve defendant properly within 120 days of filing the complaint provides for the court's *sua sponte* dismissal of case without prejudice after notice unless plaintiff shows good cause for failure to obtain service).  This case fits squarely within Rule 4(m)'s provision for the District Court's *sua sponte* dismissal without prejudice of the remaining unnamed defendants, and thus the case.  Plaintiff has failed to diligently prosecute his case as to the three unnamed police officers despite this Court's instructions and warnings and has failed to show good cause for his failure to properly and timely serve all defendants as required by the federal rules.

### Recommendation

The Court recommends that the District Court dismiss the three unnamed defendant officers, and thus the case, under Rule 4(m).

SO RECOMMENDED, October 27, 2011.


_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory, or general objections.  A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).